The **CHEROKEE NATION
OF OKLAHOMA,**

and

The **Choctaw Nation of Oklahoma and
the Chickasaw Nation, Plaintiffs,**

v.

The **UNITED STATES, Defendant.**

**Nos. 89–218 L and 89–630 L.**

United States Court of Federal Claims.

Sept. 29, 1998.

James Hamilton, Washington, D.C., for plaintiff Cherokee Nation of Oklahoma; Bob Rabon, Hugo, OK, for plaintiffs Choctaw Nation of Oklahoma and Chickasaw Nation.

Thornton Withers Field and James M. Upton, Washington, DC, for defendant. M. Sharon Blackwell, Department of the Interior, and Kay Hoover, United States Army Corps of Engineers, of counsel.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

On September 10, 1998, the law firm of Swidler Berlin Shereff Friedman, LLP, and James Hamilton (collectively plaintiff's counsel), counsel of record for plaintiff Cherokee Nation of Oklahoma (Cherokee Nation), filed a Motion for Leave to Withdraw as Counsel. For the following reasons, the court will allow the motion.

## FACTS

Apparently, plaintiff's counsel has represented Cherokee Nation in matters other than the instant case since at least July of 1997. *See* Mot. for Leave to Withdraw as Counsel at 2. On December 11, 1997, plaintiff's counsel filed a Motion to Change Attorneys, asking the court's permission to appear as counsel of record in this case. The court allowed the motion on December 15, 1997.

According to the representations of plaintiff's counsel, the facts which led to the instant motion to withdraw are as follows:

For around 18 months, the Cherokee Nation has been embroiled in an acrimonious internal dispute. The Administration of Principal Chief Joe Byrd, which hired [plaintiff's counsel], is opposed by a dissident faction that includes seven members of the 15–member Tribal Council. For some months, this dissident faction has been able to block payment of legal bills. On various occasions, six of the dissident members, by failing to appear at Tribal Council meetings, have made it impossible for the Council to achieve the quorum required to take the actions necessary to allow the Cherokee Nation to pay legal bills, including those submitted by [plaintiff's counsel]. [Plaintiff's counsel] has re-

ceived only one relatively small payment from the Cherokee Nation since the end of September, 1997. Except for that one payment, the firm has not been paid for any work done for the Cherokee Nation after July 31, 1997. When this situation will change is unclear.

Outstanding fees and expenses owed to [plaintiff's counsel] for representing the Cherokee Nation in this case and in certain other matters currently exceed $285,000 for work done through July, 1998.

Mot. for Leave to Withdraw as Counsel at 1–2. Plaintiff's counsel further represented to the court that Cherokee Nation has been given repeated warnings, both telephonic and written, stating that counsel would withdraw unless plaintiff paid the outstanding legal fees. The Cherokee Nation has been served with notice of the motion to withdraw. *Id.* at 2.

## DISCUSSION

Plaintiff's counsel requests permission to withdraw under American Bar Association (ABA) Model Rule of Professional Conduct 1. 16(b)(4). Appendix F to the Rules of the United States Claims Court (RCFC) (1992) adopts the "American Bar Association Model Rules of Professional Conduct, as amended from time to time by the Association, except as otherwise provided by specific rule of the court." RCFC, App. F,. Rule III(B). Model Rule 1.16 states:

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, *or* if:

. . . .

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

*Model Rules of Professional Conduct Rule 1.16(b) (1996).* Plaintiff's counsel does not attempt to demonstrate to the court that withdrawal can be accomplished without material adverse effect to Cherokee Nation.

However, that failure is not fatal to the motion because, although "[s]ome older authorities ... hold[ ] that lawyers may never withdraw absent 'cause' or client consent [,t]he Model Rules reject this view." Geoffrey C. Hazard, Jr., & W. William Hodes, *The Law of Lawyering*, § 1.16.301 (1998) (footnote omitted). Rule 1.16(b) is drafted in the alternative. A lawyer may withdraw if *either* it can be accomplished without material adverse effect on the client's interests *or* plaintiff has (1) substantially failed to fulfill an obligation to the plaintiff's counsel, and (2) been given reasonable warning that the lawyer will withdraw. *See* Rule 1.16(b)(4). The instant motion to withdraw relies on the second theory.

## I. Substantial Failure to Fulfill Obligation to Counsel

■ "The relationship between attorneys and their clients is contractual." *Hammond v. T.J. Little and Co.*, 809 F.Supp. 156, 159 (D.Mass.1992). Therefore, failure to pay legal costs and fees as required by an agreement between the lawyer and client can constitute substantial failure to fulfill an obligation to the lawyer regarding the lawyer's services. *See Model Rules of Professional Conduct* Rule 1.16 cmt. (1996) ("A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs"); American Bar Association & The Bureau of National Affairs, Inc., *ABA/BNA Lawyers' Manual on Professional Conduct*, 31:1108 (1998) (Model Rules allow withdrawal "if the client fails to fulfill an 'obligation' regarding the representation, such as a refusal to make or secure the payment of attorneys' fees and expenses."); Hazard & Hodes, § 1.16.303 ("failure to pay substantial accrued legal fees over a significant period of time is a wrong against the lawyer and justifies withdrawal under Rule § 1.16(b)(4)").

■ In this case, the court finds the outstanding balance exceeding $285,000 to be substantial. The court further finds that making only one relatively small payment in a one-year period against that significant accruing balance constitutes a substantial failure to pay legal fees and costs. Therefore,

the first requirement of Rule 1. 16(b)(4) is satisfied.

## II. Reasonable Warning

"Rule 1.16(b)(4) requires that the client be given reasonable warning and an opportunity to satisfy the obligation." ABA Center for Professional Responsibility, *Annotated Model Rules of Professional Conduct* 252 (3d ed.1996); *see also ABA/BNA Lawyers' Manual on Professional Conduct*, 31:1108 (withdrawal not allowed unless lawyer first makes reasonable request for client to honor obligations and warns client that lawyer will withdraw unless fees are paid). Since May 1998, plaintiff's counsel has repeatedly advised plaintiff by telephone and in writing that failure to pay accruing legal fees and costs would result in withdrawal. This has given the plaintiff adequate notice that it had failed to comply with its obligation, and ample opportunity to remedy the shortcoming before counsel sought the court's permission to withdraw. Therefore, the court holds that plaintiff's counsel has satisfied the requirements of Rule 1. 16(b)(4).

## III. Court Order to Continue Representation

■ Although plaintiff's counsel has met the requirements of Rule 1. 16(b)(4), the inquiry does not end there. Rule 1.16(b) is limited by the sound discretion of the court: "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Rule 1.16(c); *see also* Rule 1.16(b) ("Except as stated in paragraph (c) ...").

> The theory of Rule 1.16(c) is that even if withdrawal is otherwise appropriate, precedence must sometimes be accorded to preserving the tribunal's resources and efficiency, as well as to maintaining fairness to opposing litigants. The balance is struck by the judge, and the lawyer must abide by that decision.

Hazard & Hodes, § 1.16.401.

In this case, the court notes that the resources and efficiency of this tribunal will not be compromised by permitting counsel to

**18**

withdraw. Currently there are no pending deadlines requiring immediate response or substantial preparation by counsel. The court also notes that no opposition to the motion to withdraw has been expressed by defendant, the other plaintiffs, or plaintiff, and the court is not aware of any prejudice to any of the parties that would result from the withdrawal of plaintiff's counsel. Furthermore, plaintiff will not be left without a source of legal advice, for Cherokee Nation retains general counsel. Consequently, the court will not order plaintiff's counsel to continue to represent Cherokee Nation.

## CONCLUSION

For the reasons expressed above, the Motion for Leave to Withdraw as Counsel, filed by James Hamilton and Swidler Berlin Shereff Friedman, LLP, is *ALLOWED*.

**IT IS SO ORDERED.**